```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                              Criminal No. 1:20CR33
                                                      (Judge Keeley)

**TERRELL ANDERSON,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTION [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

On October 9, 2020, the defendant, Terrell Anderson ("Anderson"), moved to suppress physical evidence, including cash and the contents of his iPhone, that were obtained as the result of an allegedly unlawful seizure (Dkt. No. 21). On October 13, 2020, pursuant to 28 U.S.C. § 636(b)(1), the Court referred Anderson's motion to Magistrate Judge Michael J. Aloi for consideration and issuance of a written report and recommendation ("R&R") as to the appropriate disposition of the motion (Dkt. No. 22).

On January 13, 2021, Magistrate Judge Aloi held a suppression hearing and, on April 14, 2021, issued an R&R recommending that Anderson's motion be denied (Dkt. No. 38). Anderson objected to the R&R on May 3, 2021, (Dkt. No. 41), and the Government responded on May 13, 2021 (Dkt. No. 42). For the reasons that follow, the

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

Court **ADOPTS** the R&R (Dkt. No. 38), **OVERRULES** Anderson's objections (Dkt. No. 41), and **DENIES** his motion to suppress (Dkt. No. 21).

## I. BACKGROUND

As a preliminary matter, the R&R thoroughly recounts the facts material to Anderson's objections, which the Court need not repeat here. Anderson objects to the following conclusions in the R&R: (1) that his initial detention was lawful because the officers observed specific and articulable facts indicating criminal activity was afoot, including "domestic violence, harassment, or assault" and (2) that there was probable cause to arrest Anderson for possession with intent to deliver marijuana and/or contributing to the delinquency of a minor.

## II. DISCUSSION

After conducting a de novo review of the portions of the R&R to which Anderson has objected and a clear error review of the portions of the R&R to which no objection was filed, the Court concludes that, based on the totality of the circumstances, Anderson's detention was lawful and the officers had probable cause to arrest him.

**A.  The Officers had Reasonable Suspicion to Detain Anderson.**

Anderson's initial detention was lawful because the responding officers observed specific and articulable facts

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

indicating that criminal activity was occurring. Anderson's conduct, combined with the information communicated to the officers about the 911 call received from Samantha Hoover, gave rise to an inference of reasonable suspicion sufficient to lawfully detain Anderson.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government, and its protections extend to brief investigatory stops. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744 (2002) (citing Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868 (1968)). An investigatory stop is permissible if, at the time of the seizure, the police officer has a reasonable suspicion that criminal activity is occurring. Terry, 392 U.S. at 30, 88 S.Ct. 1868. A reasonable suspicion requires some minimal level of objective justification for making a stop. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581 (1989).

Reasonable suspicion to conduct an investigatory stop is a commonsense, nontechnical standard that relies on the judgment of experienced law enforcement officers, not legal technicians. United States v. Palmer, 820 F.3d 640, 650 (4th Cir. 2016) (citing Ornelas v. United States, 517 U.S. 690, 695, 116 S.Ct. 1657 (1996)). Critically, "[i]ndividual facts and observations cannot be evaluated in isolation from each other." United States v.

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

Hernandez-Mendez, 626 F.3d 203, 208 (4th Cir. 2010) (additional citations omitted). Even factors that are individually "susceptible to innocent explanation" can, when taken together, "form a particularized and objective basis" for suspecting criminal activity. Arvizu, 534 U.S. at 278, 122 S.Ct. 744.

Anderson contends that the officers lacked reasonable suspicion to detain him because "he was not suspicious at all" (Dkt. No. 41 at 8). Yet the officers[1] testified at a subsequent hearing that:

- Officer Lantz knew he was responding to a reported disturbance at a Super 8 Motel, and the 911 dispatcher relayed that a man was yelling and swearing at the individual who called 911 (Dkt. No. 38 at 7).

- Anderson appeared to be very upset and agitated at the scene, and was speaking to an unknown person on his cellphone. Id. at 8, 20, 22. Anderson testified that he was so upset that it was difficult to explain to the

---

[1] Three officers testified at the suppression hearing: Officer Aaron Lantz, Patrolman First Class for the Bridgeport Police Department and an Interdiction Specialist for the Mountaineer Highway Interdiction Team South, Officer Cameron C. Turner of the Bridgeport Police Department, and Sergeant Christopher Bart Sayers of the Bridgeport Police Department.

Case 1:20-cr-00033-IMK-MJA   Document 48   Filed 05/25/21   Page 5 of 11   PageID #: 241

USA v. ANDERSON                                                    1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

  responding officers the situation involving Hoover, his friend who was staying in the next motel room.[2] Id. at 28.

- The source of the parties' disagreement was Anderson's desire to retrieve his belongings from Hoover's car and his inability to get a ride from Hoover to go to work. Id. at 7.

- Anderson told Officer Turner that he thought he might have to break Hoover's car window to access his property. Id. at 21.

- Once Hoover came out of her motel room to unlock her car so that Anderson could remove his belongings, he told her he would "see her later" and that "this [was] ridiculous." Id. at 9, 22.

- Officer Lantz interpreted this exchange as a threat and was concerned that Anderson might retaliate against Hoover for calling 911. Id. at 9. Officer Turner also feared the situation would escalate into a physical altercation between Anderson and Hoover. Id. at 22.

---

[2] Hoover spoke to the 911 dispatcher (Dkt. No. 38 at 8).

Case 1:20-cr-00033-IMK-MJA   Document 48   Filed 05/25/21   Page 6 of 11   PageID #: 242

USA v. ANDERSON                                                                1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

- Officer Turner broke up the argument between Hoover and Anderson by placing himself between the parties. Id. at 9, 22.

The Court must determine whether an experienced law enforcement officer, using his judgment, could have concluded that criminal activity was occurring. See United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744 (2002). Anderson's arguments, including that Hoover did not initiate the 911 call, testified later that she was not afraid of him, and, in any case, had deprived him of his property, are not determinative to the outcome here.

Officers Lantz and Turner testified that Anderson was agitated, upset, and appeared to be threatening Hoover. Moreover, Officer Turner had to physically intervene when Hoover and Anderson began arguing. Taken together, these facts supported the officers' questioning of Anderson and remaining with him until he left the scene so that they could ensure the situation did not escalate further. See United States v. Blount, DOCKET NO. 3:19-CR-00218-MOC-DSC, 2020 WL 697450 at *4 (W.D.N.C. Feb. 11, 2020).

Importantly, Anderson has cited no legal authority in support of his position that the officers should have withdrawn to permit Anderson's and Hoover's disagreement to escalate further, or waited until a third party complained. Instead, the officers

Case 1:20-cr-00033-IMK-MJA Document 48 Filed 05/25/21 Page 7 of 11 PageID #: 243

USA v. ANDERSON                                                     1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

observed specific and articulable facts that made them suspicious of criminal activity occurring or, at least, likely to occur without their intervention. Consequently, Anderson's detention was lawful and the cash discovered while he was detained should not be suppressed.

**B.     The Officers Had Probable Cause to Arrest Anderson.**

Likewise, based on the totality of the circumstances at the scene, the officers had probable cause to arrest Anderson for possession with intent to deliver marijuana and contributing to the delinquency of a minor.

To determine whether an officer had probable cause to make an arrest, the court "examine[s] the events leading up to the arrest, and then decides 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." District of Columbia v. Wesby, __ U.S. __, 138 S.Ct. 577, 585 (2018) (quoting Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795 (2003)) (additional citations omitted). Probable cause is a "fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317 (1983). Rather, it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Id. at 243-44, n. 13, 103

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

S.Ct. 2317. Indeed, "probable cause 'is not a high bar.'" Wesby, __ U.S. __, 138 S.Ct. at 586 (quoting Kaley v. United States, 571 U.S. 320, 338, 134 S.Ct. 1090, 1103 (2014)).

Officer Lantz smelled marijuana emanating from Hoover's vehicle when Anderson removed his belongings, and Hoover then gave the officers permission to search her car. (Dkt. No. 38 at 10, 17). Shortly after Officer Lantz noticed the marijuana odor from Hoover's vehicle, Sergeant Sayers alerted him to the presence of a minor who smelled strongly of marijuana. Id. at 10. The minor immediately produced a bag containing approximately 5.75 grams of marijuana out of her undergarments when she was questioned about the smell. Id. The minor later told Officer Lantz and Sergeant Sayers that the marijuana belonged to Anderson and that he had given it to her to hold. Id. at 10, 26.

After these facts were established, Officer Lantz noticed a large bulge in Anderson's sock and asked him about it.[3] Id. at 11, 30. Anderson told Officer Lantz that the bulge was cash. Id. at 11. Although there is conflicting evidence about whether Officer Lantz searched Anderson to remove the cash or Anderson handed the cash to Officer Lantz, the cash totaled approximately $3,120,

---

[3] Anderson was previously frisked for weapons by Officer Turner, who patted him down to his waist and pockets, but who did not search farther down his legs. Id. at 22.

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

predominately in one-hundred-dollar and twenty-dollar bills. Id. at 11-12.

After a smoking pipe was discovered in Hoover's vehicle, Officer Lantz interviewed her. Id. at 12. Hoover told Lantz that she and Anderson had known each other for approximately one year, often stayed together, and sometimes traveled together to Morgantown, West Virginia, so that Anderson could purchase marijuana. Id. at 12-13. Hoover also told Officer Lantz that Anderson sold marijuana to her and her family, and that some of the cash recovered from Anderson's sock was obtained through drug sales. Id. at 13.

Anderson was arrested and his cell phone seized. Id. at 15. Another officer, Lieutenant Petroski, explained to Anderson that he would be charged with possession with intent to deliver and contributing to the delinquency of a minor. Id. at 23.

Anderson contends that there was no probable cause to arrest him because he did not have any contraband on his person, in his bag, or in his motel room (Dkt. No. 41 at 11). Anderson further argues that the officers did not observe any drug transactions and that the amount of marijuana recovered could have been for personal use. Id. at 12. Anderson also alleges that the Court should not consider the cash seized from him in its probable cause analysis

Case 1:20-cr-00033-IMK-MJA   Document 48   Filed 05/25/21   Page 10 of 11 PageID #: 246

USA v. ANDERSON                                                        1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

because it is the result of an illegal search. Id. at 12-13. The Government, however, contends that, based on the circumstances at the scene, the officers had probable cause to arrest Anderson (Dkt. No. 42 at 3-5).

Anderson's objection lacks merit. Even without the cash discovered on his person, the officers had probable cause, which requires only a probability—not an actual showing—of criminal activity, to arrest him for possession with intent to deliver. The investigating officers spoke to Hoover, who knew Anderson, had purchased drugs from him, and had knowledge of his drug sales to her family members. Moreover, Hoover told Officer Lantz that she had accompanied Anderson to Morgantown on more than one occasion to purchase marijuana.

This information, coupled with the minor's statement that Anderson had given her approximately 5.75 grams of marijuana to hold for him, could have led a reasonable officer to believe that criminal activity was probably occurring. The additional evidence pertaining to the cash found on Anderson—and, more importantly, Hoover's observation that he had obtained some of that cash from drug sales—was more than enough to give the officers probable cause to arrest Anderson.

USA v. ANDERSON                                                    1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

USA v. ANDERSON                                                    1:20CR33

**MEMORANDUM OPINION AND ORDER ADOPTING THE R&R [DKT. NO. 38], OVERRULING THE DEFENDANT'S OBJECTIONS [DKT. NO. 41], AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 21]**

It is worth observing that, even if the officers had not arrested Anderson for possession with intent to deliver, they could have arrested him for contributing to the delinquency of a minor for providing the minor 5.75 grams of marijuana to hold. The Court therefore **OVERRULES** Anderson's objections and concludes that his detention and arrest were lawful. Accordingly, the exclusionary rule does not apply and the evidence should not be suppressed.

### III. CONCLUSION

For the reasons discussed, the Court:

- **ADOPTS** the R&R (Dkt. No. 38);
- **OVERRULES** Anderson's objections (Dkt. No. 41); and
- **DENIES** Anderson's motion to suppress (Dkt. No. 21).

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Memorandum Opinion and Order to counsel of record and all appropriate agencies.

DATED: May 25, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE